ORIGINAL

FILED IN OPEN COURT
U.S.D.C. Atlanta

NOV 08 2022

Kevin P. Weimer, Clerk
By: _____ Deputy Clerk



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

ALVIN MARVIN DEMAR

Criminal Indictment

No. 1 22-CR-404

THE GRAND JURY CHARGES THAT:

On or about December 7, 2019, in the Northern District of Georgia, the defendant, ALVIN MARVIN DEMAR, knowing that he had been previously convicted of at least one of the following offenses punishable by imprisonment for a term exceeding one year:

- Possession of a Controlled Substance with Intent to Deliver in the District Court of Galveston County, Texas, on or about September 12, 1997;

- Aggravated Robbery in the District Court of Galveston County, Texas, on or about August 17, 2001;

- Possession of a Schedule I Controlled Substance in the 18th Judicial District Court for West Baton Rouge Parish, Louisiana, on or about September 8, 2016; and

- Possession of a Schedule II Controlled Substance in the 18th Judicial District Court for West Baton Rouge Parish, Louisiana, on or about September 8, 2016,

did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is, a Glock, model 22, .40 S&W caliber semiautomatic pistol, all in violation of Title 18, United States Code, Section 922(g)(1).

## Forfeiture Provision

Upon conviction of the offense alleged in this Indictment, the defendant, ALVIN MARVIN DEMAR, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in the commission of the offense, including but not limited to one (1) Glock, model 22, .40 S&W caliber semiautomatic pistol bearing serial number PTA136.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States intends to seek forfeiture of any other property of the defendant up to the value of the forfeitable property, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c).

A ___True___ BILL

_____
FOREPERSON

RYAN K. BUCHANAN
  United States Attorney

_____
THEODORE S. HERTZBERG
  Assistant United States Attorney
Georgia Bar No. 718163

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181